IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REPUBLIC METALS CORPORATION, § § Plaintiff, § § § Civil Action No. 3:13-CV-3001-D VS. § § MULLIGAN MINT, INC., et al., § § Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff's August 2, 2013 motion to remand is granted, and this case is remanded to state court.[1]

A case cannot be removed to federal court based on diversity of citizenship when a properly joined and served in-state citizen is a defendant. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In other words, even though there is complete diversity of citizenship, the removal statute does not permit

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

removal by *Texas* citizens where, as here, the federal court sits in Texas.[2]  It is undisputed that all three defendants are Texas citizens and that all three have been properly joined and served.

In response to plaintiff's motion to remand, defendants raise a new basis for removal not mentioned in their notice of removal: that § 1441(b)(2) does not preclude removal because they are not relying *solely* on diversity of citizenship, but are instead relying on diversity *and* a contractual provision that mandates that this lawsuit be brought in Miami-Dade County, Florida.  *See* Ds. Br. 2, ¶ 4 ("The basis of the removal is a complete diversity of parties *and* the contractual provision which mandates the State Court Action be brought in the County of Miami-Dade, State of Florida."); *id.* at 3, ¶ 7 ("In this action, removal is based upon a contractual forum clause *and* diversity, not 'solely on the basis of jurisdiction under Section 1332(a)' (diversity jurisdiction)."). Defendants' position is incorrect.

First, "[s]ection 1441(b) explicitly provides, and the cases uniformly hold, that diversity cases may be removed to federal court *only* if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action was brought." 14B Charles Alan Wright, et al., *Federal Practice and Procedure* § 3723, at 683 (4th ed. 2009) (emphasis added).

Second, even if defendants could invoke the forum selection clause, the clause

---

[2]Although this type of defect is procedural, *see, e.g., Halmekangas v. State Farm Fire & Casualty Co.*, 603 F.3d 290, 295 n.18 (5th Cir. 2010), plaintiff has filed a timely motion to remand, thereby properly challenging this procedural defect.

provides that "all legal proceedings . . . shall be brought in the State or Federal Courts sitting in Miami-Dade County, Florida," Ds. App. 3, not in this court.  Defendants maintain that, "[w]hen the parties to a contract choose a forum in which to litigate, the parties are bound by such forum choice, and *such forum choice allows for removal and the transfer of the pending action*."  Ds. Br. 3, ¶ 8 (emphasis added).  But the cases they cite in support of this assertion do not withstand scrutiny.  The first case is *High Rev Motorsports, L.L.C. v. Yang Ming Marine Transport Corp.*, 2013 WL 607155 (N.D. Tex. Feb. 19, 2013) (Fish, J.).  But in *High Rev Motorsports* the notice of removal shows that the removing defendant relied on *federal question* jurisdiction to remove the case.  *See* No. 3:12-CV-3684-G, ECF Doc. No. 1 at 2, ¶ 8 ("Removal to this Court is proper because federal subject matter jurisdiction exists due to a federal question, 28 U.S.C. § 1331.").  The removing defendant did not, as defendants seem to suggest in their brief, remove based on a forum selection clause, and the restriction of § 1441(b)(2) was not at issue.  The other case defendants cite to support this assertion is *GP Plastics Corp. v. Interboro Packaging Corp.*, 108 Fed. Appx. 832 (5th Cir. 2004).  But *GP Plastics* involved a *remand* to state court based on a forum selection clause that *precluded* removal.  *See id.* at 833 ("Interboro removed to federal district court on diversity grounds. Citing the parties' forum-selection agreement, the district court remanded the action to state court.  We AFFIRM the judgment of the district court, holding that the complaint invokes a forum-selection clause constituting a valid waiver of Interboro's

removal rights.").[3]

In this case, where removal is not available, defendants must rely on a procedure that is clearly available to them in Texas state court: a motion to dismiss based on the forum selection clause. *See, e.g., In re Ruby Tequila's Amarillo W., LLC*, 2012 WL 537812, at *2 (Tex. App. Feb. 17, 2012) (per curiam) (orig. proceeding) ("A motion to dismiss is the proper procedural means of enforcing a forum-selection clause.").

Accordingly, plaintiff's August 2, 2013 motion to remand is granted, and this case is remanded to the 193rd Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand according to the usual procedure.

**SO ORDERED.**

August 7, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]Defendants make a number of assertions in their brief about the enforceability of forum selection clauses. These assertions, and the cases on which defendants rely, do not support their position that this case is removable despite § 1441(b)(2).

- 4 -